IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD ROBERTS and LUSTGARTEN & ROBERTS, P.C., L.L.O.,<br><br>　　　　Plaintiffs/Counter Defendants,<br><br>　v.<br><br>ALPS PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>　　　　Defendant/Counter Claimant. | 8:19CV532<br><br>MEMORANDUM AND ORDER |

On November 23, 2020, the Court granted summary judgment (Filing No. 29) in favor of ALPS Property & Casualty Insurance Company ("ALPS") and concluded ALPS was entitled to recover "the reasonable attorney fees, costs, and expenses it incurred defending" attorney Donald Roberts and his law firm, Lustgarten & Roberts, P.C., L.L.O. (collectively, "Roberts") from a malpractice claim by former client Keith E. Rohde ("Rohde claim"). The Court ordered ALPS to file an updated statement of such fees, costs, and expenses with the Court.

On December 7, 2020, ALPS submitted a Statement of Attorneys' Fees, Costs, and Expenses in Support of its Reimbursement Counterclaim (Filing No. 30) requesting an award of $20,867.04. That amount reportedly reflects "fee and other discounts" ALPS obtained from the attorney it retained to represent Roberts in the malpractice case.

Roberts raises three objections (Filing No. 31) to the amount requested. None has any merit.

First, Roberts summarily asserts that "[d]espite the position taken by ALPS and the ruling of the Court, ALPS has not refunded the $8,629.00 premium" Roberts paid. The

Court sees no obvious inconsistency in ALPS retaining the policy premium and seeking reimbursement under the policy for the amount it paid defending a non-covered claim. Beyond a passing observation "that the $8,629.00 premium did not provide the coverage" Roberts anticipated, Roberts makes no effort to explain why—under the terms of the policy (or otherwise)—ALPS was obligated to refund the policy premium.

Roberts next argues the Court should not allow ALPS to recover "fees and costs associated with five individuals, four of whom were not specifically retained as legal counsel." Unduly fixating on the definition of "legal counsel" based on Black's Law Dictionary and an inapposite Supreme Court case, Roberts argues "ALPS should not be allowed to expand the interpretation of 'legal counsel' to mean more than one attorney." In Roberts's view, "[t]he term 'Legal counsel' should not be interpreted so broadly to mean a team of however many individuals a law firm happens to assign to the attorney actually retained to handle the defense."

The argument borders on frivolous. Roberts neither denies all five individuals helped defend the Rohde claim nor specifically challenges their rates and hours. Indeed, having a junior partner, associates, and a paralegal help work on the case was entirely consistent with the terms of the policy and properly reduced the cost of the defense. It is hard to believe Roberts would have been happier with ALPS's reimbursement request if all the legal defense work was done by the senior partner "specifically retained as legal counsel" who billed at higher rates.

Roberts's last argument depends on a letter ALPS received in August 2019 from the attorney it retained to defend Roberts that sets forth "[a] considered estimate of fees and costs the case will require to the anticipated completion based upon the information available at the time." According to Roberts, "the amount Projected by [counsel] in his letter to ALPS in August 2019 indicated the work performed to date should have resulted in expense for ALPS in the amount of $17,650.00." Roberts then purports to reduce that amount by 25%—which Roberts calculates to be $4,125.50. With that deduction and an

2

"offset" of "the unrefunded premium" of $8,629.00, Roberts suggests the Court should "enter Judgment on the Counterclaim for no more than $4,895.50."

The Court is not convinced. Not only does Roberts not adequately explain his proposed reliance on estimates provided at the outset of the representation as an alternative to reasonable costs and expenses actually incurred defending the Rohde claim, the math Roberts provides the Court is wrong. Twenty-five percent of $17,650 is $4,412.50.

Because (1) ALPS's reimbursement request is reasonable and (2) Roberts's objections lack merit,

    IT IS ORDERED:
1. The objections (Filing No. 31) to ALPS Property & Casualty Insurance Company's Statement of Attorneys' Fees, Costs, and Expenses in Support of its Reimbursement Counterclaim (Filing No. 30) are overruled. The statement is approved.
2. Donald Roberts and Lustgarten & Roberts, P.C., L.L.O. shall reimburse ALPS the $20,867.04 in attorney fees, costs, and expenses ALPS reasonably paid defending the Rohde claim.
3. This case is dismissed.
4. A separate judgment will issue.

Dated this 5th day of January 2021.

                                           BY THE COURT:

                                           Robert F. Rossiter, Jr.
                                           United States District Judge